# EVIDENCE — STATUTE OF FRAUDS — JUDGMENTS AND DECREES.

[Hamilton (1st) Circuit Court, January 10, 1906.]

Jelke, Swing and Giffen, JJ.

## EMILY BARR v. CHESTER M. POOR.

1. SCINTILLA RULE STILL IN FORCE IN THIS STATE.
   Until the Supreme Court sees fit to modify or abolish the "scintilla rule," it is the duty of a nisi prius judge to follow and apply it, notwithstanding his personal inclination, or his opinion as to the merits of the case.

2. FACT RELATING SOLELY TO REMEDY, ETC., IS NOT RES ADJUDICATA.
   A fact pertaining to the remedy, procedure and measure of evidence and not to the essential merits of a controversy is not *res adjudicata;* hence a suit decided solely upon a question of the statute of frauds is not a bar to a subsequent action on the same contract, but not involving this question.

[Syllabus by the court.]

ERROR to Hamilton circuit court.

**F. E. Niederhelman,** for plaintiff in error.
**Hollister & Hollister,** for defendant in error.

**JELKE, J.**

We are of opinion that the conclusion of the court below in overruling the demurrer to the reply was right, for the reasons set out in the opinion, per Swing, J., in *Barr v. Poor,* 15 Dec. 217.

We regret that the established law seems to require this conclusion, as it is hardly consistent with right that a plaintiff should be permitted to affirmatively allege a fact which on demurrer becomes determinative of that particular action, and then be permitted in a subsequent action, to allege the exact contrary. The only thing which saves the former judgment from being *res adjudicata* as to the second action is the circumstance that the fact pertains to the remedy, procedure and measure of evidence and not to the essential merits of the controversy. This being so, brings us to an examination of the correctness of the action of the court below in arresting the case from the jury. and giving judgment for the defendant.

An examination of the record shows that there is a scintilla of evidence upon all the essential points, and this rule demands that the case should have been submitted to the jury. This is one of the cases where the court would like to     ide the force and effect of the scintilla

rule, as the record hardly presents a meritorious action, or a case where a verdict, had there been one for the .plaintiff, could be permitted to stand, and yet the law requires a submission to the jury.

Judgment will be reversed, and cause remanded for a new trial. **Giffen** and **Swing, JJ.,** concur.